## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GABRIEL CAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| PRUITT HEALTH HOSPICE | ) | |
| d/b/a PHH-UNION CITY | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Gabriel Camp ("Plaintiff" or "Ms. Camp") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended, and under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA") against Defendant Pruitt Health Hospice d/b/a PHH-Union City ("PHH").

## JURISDICTION AND VENUE

1. This action is for ADA discrimination and retaliation as well as FMLA interference and retaliation.  Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

1.

2. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a former employee of PHH.

5. PHH is a domestic for-profit corporation registered to conduct business in the state of Georgia.

6. Defendant Employer may be served through its registered agent:

| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

if service of process is not waived.

7. This Court has personal jurisdiction over Defendant.

## JURISDICTION AND VENUE

8. Ms. Camp's ADA and FMLA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.* and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

9. This Court is an appropriate venue for all of Ms. Camp's claims under 28 U.S.C. § 1391(b) and (c) because all the parties reside within the Northern District of Georgia, and many events giving rise to Ms. Camp's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

10. On June 6, 2020, Ms. Camp timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Century. Attached hereto and incorporated herein is **Exhibit A**.

11. On September 13, 2021, the EEOC issued Ms. Camp her notice of right to sue. Attached hereto and incorporated herein is **Exhibit B**.

12. Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to the ADA.

13. Suit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## STATEMENT OF FACTS

14. PHH is a hospice center.

15. During all time relevant to this lawsuit, the Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

16. Defendant is an entity covered by the ADA.

17. Camp is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her child's serious health condition.

18. PHH is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.* and the ADA, 42 U.S.C. § 12101 *et seq.*, as amended.

19. PHH had more than 50 employees within a 75-mile radius of the location in which Camp was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

20. PHH is an entity covered by the ADA.

21. Plaintiff began working for PHH in January 2019.

22. In approximately June 2019 she was transferred to be the hospice volunteer coordinator in PHH's Union City location.

23. Plaintiff has asthma, allergies and she was pregnant when the Covid-19 pandemic began to flare up in Georgia.

24. Asthma can be a serious health condition as defined by the FMLA.

25. Asthma can be a disability as defined by the ADA.

26. Plaintiff discussed her disabilities/serious health conditions with her supervisor, Kimberly Howell, and requested that she work away from co-workers who had Covid exposure.

27. Pursuant to the ADA PHH had a duty to meet and confer with Plaintiff regarding a request for a disability accommodation.

28. However, Ms. Howell rejected this accommodation and appeared unsympathetic.

29. Ms. Howell simply assured the Plaintiff that all would be fine.

30. Plaintiff's co-workers who work in the field often work with patients who have Covid-19.

31. Plaintiff was supposed to be protected from these co-workers as they are not supposed to be allowed into the building where Plaintiff worked.

32. However, Ms. Howell, allowed certain co-workers and friends of hers, who work in the field, to enter the building and thus exposed Plaintiff to potential threats of Covid-19.

33. In May 2019 one of Plaintiff's co-workers tested positive for Covid.

34. When Plaintiff heard that a co-worker had tested positive, she contacted her doctor.

35. Plaintiff's doctor recommended that Plaintiff quarantine for 14 days.

36. On or about May 16, Plaintiff communicated this second request for an accommodation to her supervisor Ms. Howell.

37. Ms. Howell was angry and said that she didn't think Plaintiff needed to quarantine.

38. However, Ms. Howell said that if Plaintiff brought her a doctor's note with the need to quarantine stated in the letter that she would be allowed that accommodation.

39. Plaintiff accepted this accommodation and notified Ms. Howell that she would start her quarantine and would send Ms. Howell a note from her doctor.

40. On or about May 21, 2020 Plaintiff provided Ms. Howell with a note as requested from her doctor.  (See "Exhibit C")

41. However, when Plaintiff returned from her quarantine, she was given a retaliatory written up for "No Call/No Show".  (See "Exhibit D")

42. Plaintiff protested that this accommodation was agreed to by Ms. Howell, but PHH did not dismiss the PIP.

43. Defendant also retaliated against Plaintiff in other ways as well. For example, Ms. Howell cut Plaintiff's lunch break, and would not allow the Plaintiff to use the restroom while she was on the clock.

44. Ms. Howell treated Plaintiff differently than she did before Plaintiff requested an ADA accommodation, and differently than she treated Plaintiff's co-workers.

45. Then in late October/early November 2020 Plaintiff was hospitalized with a gallbladder attack and placed on bed rest for the remainder of her pregnancy.

46. On or around November 1, 2020, Plaintiff contacted PHH and informed them of her need for a leave due to her disability and serious health condition.

47. In response, Defendant retaliated against Plaintiff. Plaintiff was told that she didn't get maternity leave, and thus she would be terminated if she missed any more time.

48. During this requested leave period, Plaintiff was eligible for FMLA leave.

49. Plaintiff was discharged by JHH in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA") and in violation for the FMLA.

## COUNT I

## VIOLATION OF ADA

50. Plaintiff incorporates by refence each and every preceding paragraph of this
    Complaint.

51. Plaintiff has a disability as defined by the ADA.

52. As detailed above, Plaintiff notified Defendant of her disability and her need
    for an accommodation.

53. Defendant refused Plaintiff's accommodation suggestion and refused to
    engage in the deliberative process to come up with a reasonable
    accommodation.

54. Defendant's actions violated the ADA.

55. As a direct and proximate result of Defendant's intentional discrimination,
    Plaintiff has suffered damages, including but not limited to loss pay, job
    benefits, emotional distress, and all other damages allowed by law.

## COUNT II

## RETALIATION

56. Plaintiff hereby incorporates each and every preceding paragraph as if set
    forth fully herein.

57. Plaintiff engaged in protected activity under the ADA.

58. In response, Defendant retaliated against Plaintiff.  Specifically, Plaintiff was retaliated against when she was placed on a performance improvement plan, when she was treated differently than her co-workers, and when she was terminated.

59. Defendant's actions constitute unlawful retaliation in violation of the ADA, as amended.

60. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

61. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

**COUNT III**

**RETALIATION FOR EXERCISE OF FMLA RIGHTS**

62. Camp incorporates by reference the preceding Paragraphs as if fully restated herein.

63. Camp was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.114.

64. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2019-2020, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

65. Plaintiff has a serious medical condition as defined by the FMLA.

66. Plaintiff had not exhausted her FMLA leave limit in 2020.

67. Plaintiff timely notified Defendant Employer of her serious medical condition.

68. In terminating Camp's employment, Defendant retaliated against Camp for exercising her right to take leave as provided under the FMLA.

69. Defendant's actions in retaliating against Camp for exercising her rights under the FMLA were committed with reckless disregard for Camp's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

70. The effect of Defendant's actions has been to deprive Camp of a job, as well as income in the form of wages, health insurance, prospective

retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

71. As a result, Camp is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

72. Camp is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

### COUNT IV
### FMLA INTERFERENCE

73. Camp incorporates by reference the preceding Paragraphs as if fully restated herein.

74. Camp would have been an eligible employee with a serious health condition during the course of her requested FMLA leave as that term is defined by the FMLA and the accompanying regulations.

75. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2019-2020, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

76. Plaintiff had a serious health condition as defined by the FMLA.

77. Plaintiff had not exhausted her FMLA leave limit in 2020.

78. Plaintiff timely notified Defendant of her serious medical condition.

79. Defendant knew that Plaintiff would be qualified for leave under the FMLA during her leave, and that Plaintiff needed leave under the FMLA;

80. As a result of Plaintiff's requests for FMLA covered leave, Defendant unlawfully terminated Plaintiff's employment, thus interfering with Plaintiff's right to FMLA.

81. Defendant's actions in interfering with Camp's exercise of her rights under the FMLA were committed with reckless disregard for Camp's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

82. The effect of Defendant's actions has been to deprive Camp of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

83. As a result, Camp is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

84. Camp is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)    a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the ADA and the FMLA, as amended;

(b)    an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of the ADA and/or the FMLA;

(c)    full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)    front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)    liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)    punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g)    reasonable attorney's fees and costs; and

(h)    nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of December 2021.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039